IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETTY J. GLOVER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-2601 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                               FEBRUARY 27, 2008

       Before the court for consideration is plaintiff's brief and statement of issues in support of request for review[1] (Doc. No. 8) and the response and reply thereto (Doc. Nos. 10, 11). The court makes the following findings and conclusions:

       1.     On February 22, 2005, Betty Glover ("Glover") filed for disability insurance benefits ("DIB") and on November 15, 2004 protectively filed for social security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of May 15, 2004. (Tr. 44-46; 53-55; 144-47). Throughout the administrative process, including an administrative hearing held on June 19, 2006 before an ALJ, Glover's claims were denied. (Tr. 4-5A; 10-18; 32; 34-38; 148; 149-53). Pursuant to 42 U.S.C. § 405(g), on June 22, 2007, Glover filed her complaint in this court seeking review of that decision.

       2.     In his decision, the ALJ concluded that Glover's lower back disorder and obesity were severe impairments. (Tr. 14 ¶ 3; 14 Finding 3).[2] The ALJ further concluded that Glover's impairments did not meet or equal a listing, that she retained the residual functional capacity ("RFC") to perform sedentary work with only occasional stair climbing or bending and no climbing ladders, climbing ropes, climbing scaffolds, balancing, kneeling, or crouching, and that she was not disabled. (Tr. 15 ¶¶ 4-5; 16 ¶ 1; 17 ¶ 4; 18 ¶¶ 2-3; 15 Finding 4; 16 Finding 5; 18 Finding 7).

       3.     The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999);

---

[1] Plaintiff filed a motion for summary judgment with her brief and statement of issues in support of request for review, which the court will construe only as a brief pursuant to the procedural order. (Doc. No. 5).

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

see 42 U.S.C. § 405(g).

       4.     Glover raises three arguments in which she alleges that the determinations by the ALJ were either not supported by substantial evidence or were legally erroneous. Because the Commissioner did not apply the proper legal standards and because his determination is not supported by substantial evidence, I must remand to allow the Commissioner to conduct the proper analysis.

       A.     Glover argues that the case should be remanded because the ALJ failed to discuss or explain his rejection of the assessed GAF scores of 45. "The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Courts in the Eastern District of Pennsylvania have repeatedly noted that GAF scores constitute medical evidence that is accepted and relied on by physicians, and that where an ALJ fails to explain why the scores have been discounted, a remand is necessary. See, e.g. Robleto v. Barnhart, No. 05-4843, 2006 WL 2818431, at *8 (E.D. Pa. Sept. 28, 2006); Dougherty v. Barnhart, No. 05-5383, 2006 WL 2433792, at *9-10 (E.D. Pa. Aug. 21, 2006); Colon v. Barnhart, 424 F. Supp.2d 805, 813-14 (E.D. Pa. 2006); Span ex rel. R.C. v. Barnhart, No. 02-7399, 2004 WL 1535768, at *6 (E.D. Pa. May 21, 2004); Escardille v. Barnhart, No. 02-2930, 2003 WL 21499999, at *6-7 (E.D. Pa. June 24, 2003). On January 4, 2006, Fenny Rvaide, Ph.D. ("Dr. Rvaide") determined Glover had anxiety disorder, dysthymic disorder, depression, post traumatic stress disorder, and a GAF score of 45. (Tr. 133-42). On February 16, 2006, Joseph Slap, M.D. ("Dr. Slap") found Glover had major depressive disorder with psychotic features, post traumatic stress disorder, and a GAF of 45. (Tr. 127-32). A GAF of 41-50 indicates "serious symptoms (e.g. suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g. no friends, unable to keep a job)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, at 32, 34 (4th ed. 2000). The ALJ rejected Glover's diagnosis of depression by pointing out that a consultative examiner, who evaluated Glover before the psychiatric examinations took place and before the time period Glover testified that her depression began, found Glover's mental status to be normal. (Tr. 15 ¶ 2; 71-75; 180-81). The ALJ also discounted Glover's depression because on May 5, 2006, Glover reported she was feeling better and more interested in being out. (Tr. 15 ¶ 2; 143). However, in that treatment note from May 5, 2006, Dr. Slap noted that he was going to raise the amount of one of the psychotropic medications he had prescribed her and that he would give her a refill. (Tr. 143). I note that Glover testified she was still taking these medications at the time of the hearing on June 19, 2006. (Tr. 169). From this evidence, the ALJ concluded that Glover's mental impairment might not last a year with medication and treatment. (Tr. 15 ¶ 2). An ALJ may not make speculative inferences from medical reports or reject the opinion of a treating doctor without contrary medical evidence. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). The ALJ failed to mention the GAF scores or explain his rejection of them. Additionally, the ALJ rejected the related evidence by speculating and without the support of contrary medical evidence. I thus conclude that the case must be remanded for the ALJ to properly consider the assessed GAF scores and related evidence.

       B.     The above analysis demonstrates that the ALJ failed to fully consider the record before him, and thus, the court will not make a ruling on Glover's remaining arguments regarding the ALJ finding Glover's mental impairment not severe and failing comply with 20 C.F.R. §§ 404.1520a and 416.920a. The ALJ is directed to reevaluate those issues once he has fully examined the record in accordance with the proper procedures and legal standards.

       5.     Therefore, this case must be remanded in order for the ALJ to supplement his decision in a manner consistent with this opinion.

       An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETTY J. GLOVER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-2601 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**ORDER**

AND NOW, this 27th day of February, 2008, upon consideration of the brief in support of review filed by plaintiff and response and reply thereto (Doc. Nos. 8; 10; 11) and having found after careful and independent consideration of the record that the Commissioner did not apply the correct legal standards and that the record does not contain substantial evidence to support the ALJ's findings of fact and conclusions of law, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g). Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff through her brief and motion for summary judgment is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.

S/Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.